HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

    v.

ANDY BUI, et al.,

    Defendants.

CASE NO. C14-1926RAJ

ORDER

## I. INTRODUCTION

This Matter comes before the Court on Plaintiff Dallas Buyers Club, LLC's ("Plaintiff") Motion for Default Judgment against Defendant Andy Bui ("Mr. Bui"). Dkt. # 55. For the reasons set forth below, this Court **GRANTS** Plaintiff's Motion.

## II. BACKGROUND

This case is one of 13 practically identical cases filed between July 2014 and April 2015 alleging copyright infringement by 4 to 39 Doe defendants. The facts of this case are simple. Plaintiff is a developer and producer of the movie *Dallas Buyers Club*. *See* Dkt. # 54 (Second Am. Compl. ("SAC")) ¶ 1.[1] Plaintiff is the owner of a registered copyright in *Dallas Buyers Club*, Registration No. PA 1-873-195. *See id.* ¶ 6, Ex. A. Mr. Bui, along with several other defendants, is alleged to have participated in a peer-to-peer

---

[1] It actually appears that Mr. Bui defaulted on the First Amended Complaint ("FAC") in this Action. *See* Dkt. # 43. However, the allegations between the FAC and the SAC do not appear to be substantially different so the Court will refer primarily to the SAC.

ORDER – 1

network using the BitTorrent protocol[2] to download and share *Dallas Buyers Club*. *See id.* ¶¶ 20, 24. Mr. Bui in particular is alleged to have shared the IP address 67.168.255.171, which was observed sharing *Dallas Buyers Club* on September 8, 2014. *See id.* ¶ 20, Ex. C. Plaintiff alleges that the actual named subscriber identified Mr. Bui as the actual infringer. *Id.* ¶ 20. Plaintiff has not authorized any defendant to use an online media distribution system, including BitTorrent, to misappropriate, reproduce, or distribute *Dallas Buyers Club* to the public. *See id.* ¶ 40.

Plaintiff now brings a claim for copyright infringement against Mr. Bui and the other defendants for participating in the BitTorrent "swarm." *See id.* ¶¶ 37-47. Through this Motion, Plaintiff seeks default judgment against Mr. Bui including a permanent injunction, statutory damages, and costs and attorneys' fees.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment. Typically, default judgment is entered after the Clerk of Court has entered default under Federal Rule of Civil Procedure 55(a), but district courts also have that authority. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the

---

[2] Numerous courts have described how the BitTorrent protocol works in detail. *See e.g., Purzel Video GmbH v. Biby,* 13 F. Supp. 3d 1127, 1131-33 (D. Colo. 2014); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 275-76 (S.D.N.Y. 2012).

ORDER – 2

plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

### IV.  DISCUSSION

a. <u>Whether Plaintiff Has Proven Copyright Infringement</u>

Plaintiff must first prove Mr. Bui's liability.  To establish copyright infringement, plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has alleged and shown its ownership of a valid and registered copyright in the *Dallas Buyers Club* film.  *See* SAC ¶¶ 1, 6, Ex. A.  This "is considered prima facie evidence of the validity of the copyright." *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); 17 U.S.C. § 410(c).  As such, Plaintiff has established the first element.

Plaintiff has also alleged that Mr. Bui copied pieces of *Dallas Buyers Club*.  *See id.* ¶¶ 20, 40.  More specifically, Plaintiff has alleged and presented evidence that the IP address Mr. Bui shared with a subscriber identified by the ISP copied and distributed pieces[3] of the film.  *See id.* ¶ 20; *see also* Dkt. # 56-1 (Lowe Decl.) Ex. C at 12.  In fact, it appears that Mr. Bui copied and distributed the entire film.  *See* SAC ¶ 40 (alleging that each defendant distributed the same "seed file" of *Dallas Buyers Club*).  The Court is somewhat skeptical of the sufficiency of Plaintiff's proof, given that the subscriber is not directly named and Plaintiff provides no details regarding how he conveyed Mr. Bui's liability to Plaintiff.  *See* Dkt. # 56 (Lowe Decl.) ¶ 14.  Nevertheless, the Court must

---

[3] In an Order in a related case, the Court noted that it was not clear whether Plaintiff had established that the named defendant had copied the entire film, though that was unnecessary given the identical factual allegations regarding distribution of the "seed file". *See Dallas Buyers Club, LLC v. Madsen*, No. C14-1153RAJ, 2015 WL 6680260, at *2 (W.D. Wash. Nov. 2, 2015).  The situation here appears identical.  *See* Dkt. # 6 (Macek Decl.) ¶ 17.

ORDER – 3

deem the facts in the SAC to be true for establishing liability. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). And the Court cannot gainsay Plaintiff's factual allegations without the benefit of an actual opposition from Mr. Bui. As such, the Court must find that the second element has been met and that Plaintiff has established Mr. Bui's liability for copyright infringement.

      b. <u>Whether Default Judgment Is Appropriate</u>

Having established liability, Plaintiff must also show that default judgment is warranted. Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate. Those factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Id.*

The factors generally weigh in favor of granting default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a legal remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). As discussed above, Plaintiff has adequately alleged and shown Mr. Bui's liability. The amount at stake is also relatively modest – Plaintiff seeks $2,500 in statutory damages and $2,498.42 in costs and attorneys' fees. *See* Dkt. # 55 at 6-7; Dkt. # 56 (Lowe Decl.) ¶¶ 11-12. It is also unlikely that Mr. Bui's failure to respond is the product of excusable neglect. Plaintiff served an individual named "Leslie Bui," ostensibly Mr. Bui's relative residing at the same address, in December 2015 meaning that Mr. Bui likely had ample notice of the action. *See* Dkt. # 47 at 2.

The Court acknowledges that a dispute may arise concerning material facts, including whether Mr. Bui is the actual infringer. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) (finding that "it is no

ORDER – 4

1 more likely that the subscriber to an IP address carried out a particular computer function
2 . . . than to say an individual who pays the telephone bill made a specific telephone
3 call."). As the Court previously noted, this concern is particularly glaring where the
4 subscriber identifies another individual through unknown means and for unknown
5 reasons. However, the Court finds that such a possibility is insufficient to outweigh the
6 other factors weighing in favor of granting default judgment at this juncture, especially
7 given that Mr. Bui's relative appears to have accepted service of process, giving Mr. Bui
8 ample opportunity to contest the allegations. *See* Dkt. # 47 at 2. Finally, although there
9 is a strong policy for deciding cases on their merits (*see Eitel*, 782 F.2d at 1472), Mr.
10 Bui's failure to respond to Plaintiff's claims means that this factor does not preclude
11 entry of default judgment (*see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D.
12 Cal. 2014)).

13 As the *Eitel* factors generally weigh in favor of granting default judgment, the
14 Court will **GRANT** Plaintiff's Motion. What remains is determining what relief Plaintiff
15 should be awarded.

16   c. Appropriate Relief

17 Plaintiff requests three categories of relief: (1) permanent injunctive relief, (2)
18 statutory damages not less than $2,500, and (3) attorneys' fees and costs. *See* Dkt. # 55
19 at 4-7.

20     i. *Injunctive Relief*

21 Plaintiff first requests an injunction enjoining Mr. Bui from infringing on
22 Plaintiff's rights in *Dallas Buyers Club*, including through using the Internet. *See* Dkt. #
23 55 at 4. 17 U.S.C. § 502(a) permits a court to grant final injunctions to "prevent or
24 restrain infringement of a copyright." Under 17 U.S.C. § 503(b), the court may order the
25 destruction of copies found to have been made or used in violation of a copyright owner's
26 rights. Parties obtaining a permanent injunction ordinarily must satisfy a four part test:
27 (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships
28 ORDER – 5

weighs in its favor; and (4) the injunction is in the public's interest.  *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).

The Court agrees that injunctive relief is appropriate here.  As in numerous other BitTorrent cases (*see e.g., Malibu Media, LLC v. Flanagan,* No. 2:13-CV-5890, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014)), the four elements are established here.  Furthermore, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir.1993) (citing *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir.1986)).  Consequently, the Court will issue a permanent injunction enjoining Mr. Bui from infringing Plaintiff's rights in *Dallas Buyers Club* and ordering him to destroy all unauthorized copies of *Dallas Buyers Club*.

### ii. Statutory Damages

Next, Plaintiff requests an award of statutory damages at least in the amount of $2,500 (and urges the Court to award closer to $6,000) for the single instance of copyright infringement alleged.  *See* Dkt. # 55 at 6.

Under 17 U.S.C. § 504(c)(1), the Court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for each infringed work.  Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)).  When considering the proper amount of damages, the Court takes into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (citing *Landstar*, 725 F. Supp. 2d at 921).  District courts have "wide

ORDER – 6

discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984).

Courts have found that in nearly identical cases, "damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. 2013) (collecting cases); *TCYK, LLC v. John Does 48-98*, No. 2:13-CV-540, 2015 WL 127922, at *2 (S.D. Ohio Jan. 8, 2015) (collecting cases and awarding $6,000). And at least one court has addressed the appropriate sanction involving the same film, ultimately awarding $2,250. *See Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo. 2015). Plaintiff's requested award is within this range.

Furthermore, Plaintiff has presented some evidence and allegations that Mr. Bui's infringement was willful[4] (see Dkt. # 55 at 5-6), even though its requested statutory damages amount is less than the $30,000 the Court may award for non-willful infringement (see 17 U.S.C. § 504(c)(1)). Specifically, Plaintiff has alleged that *Dallas Buyers Club* bears a copyright notice. SAC ¶ 43. A copyright notice may create an evidentiary presumption against an innocent infringer defense. *See* 17 U.S.C. § 401(d); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1230 (D. Or. 2008). The allegations reasonably support a finding that Mr. Bui willfully infringed on *Dallas Buyers Club*.

Nevertheless, the Court finds that the statutory minimum of $750 is the appropriate award in this case. For one, this is the same award the Court found appropriate in *Madsen* and it makes little sense to differentiate between the defendants. *See* 2015 WL 6680260 at *2. Other reasons also justify a lower award. For one, there is

---

[4] "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

ORDER – 7

simply no evidence that Mr. Bui profited from the infringement, justifying a lower statutory damages award.  *See Bossard*, 976 F. Supp. 2d at 931 (finding that "The nature of BitTorrent is such that [defendant] would not likely have reaped any profit from his infringement of [plaintiff's] copyright, except for the comparatively small sum he saved by illegally downloading, rather than buying, his own copy of [the infringed work]").  Additionally, there is no evidence that Mr. Bui was the original "seed" or user who made Plaintiff's work available.  *See Flanagan,* 2014 WL 2957701 at *4.  Finally, this award is in line with the awards given by other courts in the Ninth Circuit and appears adequate to deter Mr. Bui and others from infringing on Plaintiff's copyright in the future.  *See e.g., Voltage Pictures, LLC v. Martinez,* No. 3:15-CV-00002-AC, 2015 WL 4772856, at *4 (D. Or. Aug. 11, 2015); *Elf-Man, LLC v. C.G. Chinque Albright*, No. 13-CV-0115-TOR, 2014 WL 5543845, at *7 (E.D. Wash. Oct. 31, 2014); *Thompsons Film, LLC v. Athias*, No. 13-CV-0126-TOR, 2014 WL 5543900, at *9 (E.D. Wash. Oct. 31, 2014).

       *iii.   Attorneys' Fees and Costs*

Finally, Plaintiff seeks $2,342 in attorneys' fees and $156.42 in costs.  *See* Dkt. # 56 (Lowe Decl.) ¶¶ 11-12.  Pursuant to 17 U.S.C. § 505, the Court may "in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party."

Courts may consider several factors in making an attorneys' fee determination under the Copyright Act, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence."  *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).  These factors all weigh in favor of awarding attorneys' fees.  Plaintiff has obtained success on its non-frivolous claims.  Moreover, awarding fees would advance considerations of compensation and deterrence.

ORDER – 8

Courts begin with a "lodestar" method in calculating reasonable attorneys' fees, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Plaintiff has proposed $2,342 for 5.39 hours of attorney work at an hourly rate of $450. *See* Dkt. # 56 (Lowe Decl.) ¶ 11. Plaintiff's counsel has apparently prorated the billed hours to only include those attributable to prosecuting its claims against Mr. Bui. *See id.* ¶ 10. A review of the billing records submitted suggests that the claimed hours are appropriate.[5]

In the Court's previous Order in *Madsen*, the Court concluded that the lodestar amount using the requested hourly rates of $495 or $510 should be reduced to reflect an hourly rate of $300 after considering "the (1) time and labor required and (2) skill requisite to perform the legal services properly." 2015 WL 6680260 at *5-6 (citing *Kerr v. Screen Extras Guild*, 526 F.2d 67, 67 (9th Cir. 1975)). The Court noted that numerous other courts have found higher attorneys' fees to be inappropriate in similar BitTorrent cases because these cases amount to little more than "form-pleading" requiring little legal skill or attention. *Id.* (citing cases). Other cases have made this even more explicit, noting that BitTorrent cases being handled by the same firm using practically identical pleadings do not require any unique skill. *See Cobbler Nevada, LLC v. Reardon,* No. 3:15-CV-01077-ST, 2015 WL 9239773, at *4 (D. Or. Dec. 16, 2015). This is particularly apparent here, where Plaintiff simply reused the identical pleadings in its efforts against Defendant Eric Nydam in the related Case No. C14-1819RAJ. Plaintiff failed to even correct the names on many of the pleadings submitted to the Court in connection with the instant Motion. *See* Dkt. # 48-1 ("It appearing that Defendant Eric Nydam has failed to answer . . . ."), 56 (captioned as "Declaration of Derek A. Lowe in Support of Default

---

[5] The Court is somewhat troubled by the fact that none of the billing entries reflect communications with the subscriber who identified Mr. Bui. *See* Dkt. # 56 (Lowe Decl.) ¶ 10. However, the Court is not in any position to contradict Plaintiff's factual allegations regarding Mr. Bui's liability.

ORDER – 9

Judgment Against Eric Nydam"). Plaintiff's counsel, Mr. Lowe, claims that these cases require being able to understand, explain, and apply both the forensic tools and knowledge of the Copyright Act to the BitTorrent protocol, but there are hundreds, if not thousands, of practically identical cases involving substantially identical factual situations, many prosecuted by individuals with far less skill than Plaintiff's counsel. *See Reardon*, 2015 WL 9239773 at *4. It simply does not require extensive knowledge in the area to prepare nearly identical subpoenas to ISPs, draft substantially identical letters, communicate with process servers, and to request default judgment against a particular party. *See* Dkt. # 56 (Lowe Decl.) ¶ 10 (listing Mr. Lowe's activities, none of which appear to involve researching sophisticated minutiae regarding BitTorrent).

In support of its renewed request for an hourly rate of $450, Plaintiff now presents an excerpt from the American Intellectual Property Law Association's "Report of the Economic Survey 2015." *See* Dkt. # 56-1 (Lowe Decl.) Ex. A. Plaintiff claims that the $450 hourly rate it requests in attorneys' fees is reasonable because it is consistent with the average rates in the "Other West" category. *See* Dkt. # at 7. But the "Other West" hourly rates listed actually supports the $300 hourly rate this Court awarded in *Madsen*. Specifically, the median "Minimum Billing Rate for IP Work"[6] listed for "Other West" is $200. *See* Dkt. # 56-1 (Lowe Decl.) Ex. A at 3. The median "Maximum Billing Rate" was just $450. There is little reason why this particular case required extensive skill or experience – this matter used practically identical pleadings from several other cases and encountered little to no opposition – suggesting that the minimum rate is far more appropriate.

The Court continues to believe that a reduction in the hourly rate is necessary and will adopt the $300 hourly rate it used in *Madsen* as it better reflects the prevailing market rate for similar work. Using this rate yields an attorneys' fee award of $1,617, reflecting 5.39 hours of attorney work at a $300 hourly rate.

---

[6] The cited portions do not distinguish between different types of IP work.

ORDER – 10

Finally, Plaintiff requests $156.42 in prorated costs (*see* Dkt. # 56 (Lowe Decl.) ¶ 12) and has presented receipts documenting the costs of serving Mr. Bui (*see* Dkt. # 56-1 (Lowe Decl.) Ex. B at 8-9). The Court finds that these costs are appropriate.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and enters default judgment against Mr. Bui. The Clerk will enter judgment for Plaintiff following this Order. Specifically, this Court enters judgment against Mr. Bui as follows:

1. Defendant Andy Bui is hereby permanently enjoined from directly, indirectly, or contributorily infringing Plaintiff Dallas Buyers Club, LLC's rights in the work *Dallas Buyers Club*, including without limitation by using the Internet to reproduce or copy *Dallas Buyers Club*, to distribute *Dallas Buyers Club*, or to make *Dallas Buyers Club* available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff;

2. To the extent any such material exists, Defendant Andy Bui is directed to destroy all unauthorized copies of *Dallas Buyers Club* in his possession or subject to his control;

3. Statutory damages in the amount of $750;

4. Attorneys' fees in the amount of $1,617 and costs in the amount of $156.42.

DATED this 30th day of March, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court

ORDER – 11